HAWKINS, Presiding Justice,
for the Court:
A Harrison County grand jury indicted Robert Haynes for kidnapping, carrying a concealed weapon and rape. The jury found Haynes guilty of rape only. The court sentenced Haynes to fifteen years in the custody of the Mississippi Department of Corrections. He now appeals, assigning as error the following:
I.THE TRIAL COURT ERRED IN ALLOWING TESTIMONY REGARDING CRIMES FOR WHICH HAYNES HAD NOT BEEN CONVICTED.
II.THE TRIAL COURT ERRED IN ALLOWING DOCUMENTARY EVIDENCE OF HAYNES’ PREVIOUS CONVICTION CONTRARY TO RULE 6.04 OF THE UNIFORM CRIMINAL RULES OF CIRCUIT COURT.
III. THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW PROSPECTIVE DEFENSE WITNESS GEORGIA DUCKWORTH, HAYNES’ MOTHER, TO TESTIFY FOR THE DEFENSE.
IV. THE TRIAL COURT ERRED WHEN IT PERMITTED THE STATE TO COMMENT ON THE FAILURE OF HAYNES TO PRODUCE A WITNESS EQUALLY ACCESSIBLE TO BOTH SIDES.
V.THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE IN REBUTTAL HAYNES’ IN-CUSTODY STATEMENT. •
VI. THE STATE FAILED TO PROVE FACTS SUFFICIENT TO SUPPORT A CONVICTION FOR RAPE.
VII. HAYNES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.
VIII. THE TRIAL COURT ERRED IN REFUSING TO GRANT HAYNES’ MOTION TO VACATE HIS CONVICTION AND SENTENCE FOR THE CLERK’S FAILURE TO PREPARE AND FILE THE TRIAL TRANSCRIPT IN A TIMELY MANNER.
We have carefully reviewed this record and find no merit in any of Haynes’ assign- *433 merits of error. We are satisfied that no reversible error occurred at Haynes’ trial.
However, Haynes does raise a very serious question in the delay of his case being heard on appeal. Haynes was convicted on June 6, 1985. This Court did not receive the record of the lower court’s proceedings until April 14, 1989. The court reporter, Joan Crawford of Biloxi, took almost four years to prepare the record.
The Court takes a very stern view of this court reporter’s malfeasance in carrying out her official duties. Such malfeasance will not be tolerated. This Court will not tolerate it and we do not expect any chancellor or circuit court judge to permit such a disgraceful neglect of duty by his court reporter.
In view of the fact that there was no error in Haynes’ trial, however, we do not in this opinion address whether or not this delay constitutionally prejudiced Haynes’ chance of having a fair trial on remand. United States v. Johnson, 732 F.2d 379 (4th Cir.1984), cert. den., 469 U.S. 1033, 105 S.Ct. 505, 83 L.Ed.2d 396 (1984).
AFFIRMED.
ROY NOBLE LEE, C.J., and DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.